UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1795 DMG(JC) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al., | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Donnamarie Luengo, Relief Deputy Clerk | None Court Reporter / Recorder | None Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendants:

none present    none present

**Proceedings:**    (IN CHAMBERS)

**ORDER (1) DENYING REQUEST FOR ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE (DOCKET NO. 20); AND (2) EXTENDING PLAINTIFF'S DEADLINE TO SERVE DEFENDANTS**

**I.    Background and Summary**

On March 6, 2017, plaintiff – who is at liberty, is proceeding *pro se*, and has paid the filing fee – filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Los Angeles Department of Transportation ("LADOT") including Officer McCullough, Officer Enriquez, J. Atkinson, T. Mayer, and Kenneth Heinsuis (collectively "defendants").

On March 7, 2017, the Court issued an Order Regarding Service of Process, advising plaintiff that he was required to accomplish service of the summons and Complaint on each of the named defendants within 90 days after the filing of the Complaint. The Court further advised plaintiff that the 90-day period would expire on June 5, 2017 and cautioned that plaintiff's failure properly to effectuate service by such date may result in the dismissal of this action without prejudice by reason of plaintiff's failure to prosecute, unless plaintiff could show good cause for extending the time for service. The Court also provided plaintiff with information about the Federal "Pro Se" Clinics that offer on-site information and guidance to individuals like plaintiff who are representing themselves in federal civil actions.

On June 2, 2017, plaintiff filed the currently operative First Amended Complaint.

On August 11, 2017, plaintiff filed a Request for Entry of Default Judgment ("Request") with a supporting declaration of plaintiff ("Tabi Decl."), seeking the entry of a default judgment against each of the defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's Request is denied without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1795 DMG(JC) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al., | | |

**II.     Pertinent Law**

A federal court can assert personal jurisdiction over a defendant only if the defendant has been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). See Direct Mail Specialists v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). In general, Rule 4(e) provides that service of a summons and complaint upon individuals within a judicial district of the United States must be made either by one of the methods described in Rule 4(e)(2) ("federal method"), or by a method set forth in state law (*i.e.*, pursuant to California Code of Civil Procedure ("CCP") Section 415.10, *et seq*.) ("state method"). Fed. R. Civ. P. 4(e).

Under the federal method, service on an individual defendant may be made by (1) delivering a copy of the summons and complaint to the individual personally (*i.e.*, in person); (2) leaving copies of such documents "at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there"; or (3) delivering a copy of both documents "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

Under the state method, acceptable methods for serving individuals include (1) personal service – *i.e.*, in person delivery to the defendant (CCP § 415.10); (2) substitute service – leaving a copy of the summons and complaint at the defendant's usual residence or place of business with a "competent member of the household" or a person "apparently in charge" of the defendant's office/place of business who is "informed of the contents thereof," and also mailing copies of the summons and complaint by first-class mail, postage prepaid to the defendant at such address (CCP §§ 415.20(b), 416.90); (3) service by mail – mailing to the defendant by first-class mail or airmail, postage prepaid a copy of the summons and complaint, together with two copies of the statutory "notice and acknowledgment," and "a return envelope, postage prepaid, addressed to the sender" (CCP § 415.30); and (4) service by publication if authorized by the Court (CCP § 415.50).

**III.    Discussion**

Here, plaintiff's Request is denied without prejudice because, among other things, he has not demonstrated that he properly effectuated service of process on any of the defendants in the manner required by the Federal Rules of Civil Procedure, *i.e.*, through either the federal method or the state method.[1]

---

[1] Even assuming plaintiff had properly effectuated service on a defendant, entry of a default *judgment* under Fed. R. Civ. P. 55(b) would be premature absent the Clerk's entry of default as to such defendant under Fed. R. Civ. P. 55(a). See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Fed. R. Civ. P. 55(b) (governing entry of default judgment); Montgomery v. Noll, 2007 WL 2141247, *1 (N.D. Cal. July 25,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1795 DMG(JC) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al., | | |

On June 5, 2017, plaintiff filed a "Proof of Service" for each of the defendants in which a process server, "Coach Ron," attests that "[he was] denied access by security[,]" that "[a] lady by the name of Stacy [or Stacie] Starkey accepted the documentation on [June 5, 2017]," and that "[a] lady claiming to represent the dept of transportation accepted the documentation [or lawsuit]." (Docket Nos. 9-13). Likewise, plaintiff attests that on June 5, 2017 he went to the LADOT main office with Coach Ron who attempted to serve the complaint and summons on the defendants, but was denied access to the building by security officers. (Tabi Decl. ¶¶ 1-7). According to plaintiff, about 20 minutes later the process server delivered the "summonses and the complaints" for all five defendants to "a woman claiming to be a representative from the LADOT[]" (later identified as "Stacy Starkey"), and stated to the representative simply "It is a lawsuit. . . ." (Tabi Decl. ¶¶ 8-12).

To the extent it is plaintiff's position that the foregoing properly effectuated service upon each of the defendants under the third federal method or under the state "substitute service" method pursuant to CCP § 415.20(b), he has not shown as much for at least the reasons below.

First, there is no admissible evidence that the LADOT "representative" who purportedly accepted copies of the summons and complaint – *i.e.*, "Stacy Starkey" – was either (1) an agent authorized by appointment or by law to receive service of process for defendants (federal method); or (2) "in charge" of any specific defendant's office or place of business (state method).

Second, to the extent plaintiff relies on the state method, the proofs of service he filed do not state that copies of the summons and operative first amended complaint were also mailed by first-class mail, postage prepaid to the defendants. (Docket Nos. 7-13).

As plaintiff has failed to demonstrate that any defendant has been properly served, he likewise fails to demonstrate that any defendant over which the Court could assert jurisdiction failed properly to plead or otherwise defend against the instant lawsuit.

**IV.   Orders**

In light of the foregoing, IT IS HEREBY ORDERED:

1.   The Request is denied without prejudice.

///

---

2007) ("Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought *after* default has been entered against a defendant.") (emphasis in original); Lee v. Brotherhood of Maintenance of Way Employees – Burlington Northern System Federation, 139 F.R.D. 376, 380 (D. Minn. 1991) ("entry of default is a prerequisite to a default judgment under Rule 55(b)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1795 DMG(JC) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al., | | |

2.  Plaintiff's deadline to effect service of process upon each of the defendants is *sua sponte* extended from June 5, 2017 to **October 13, 2017.**

3.  **Plaintiff must *properly* effect service of the operative First Amended Complaint and summons on each defendant and file proofs of service so reflecting by not later than October 13, 2017. Plaintiff's failure to effectuate proper service and to file proofs of service so demonstrating by October 13, 2017 may result in dismissal of the action without prejudice as to any unserved defendant by reason of plaintiff's failure to prosecute, unless plaintiff can show good cause for further extending the time for service.**

IT IS SO ORDERED.[2]

|  | Initials of Deputy Clerk | dml |
|---|---|---|

---

[2] The Court's orders herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.