# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1795 DMG(JC) | Date | November 22, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| none | | none |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

     On March 6, 2017, plaintiff paid the filing fee and filed a complaint against multiple employees of the Los Angeles Department of Transportation ("LADOT") (collectively "defendants"). On March 7, 2017, the Court issued an order ("March Order") advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be accomplished on each defendant within 90 days after filing the complaint, i.e., by June 5, 2017. The March Order directed plaintiff to file separate proof of service forms for each defendant served within the 90-day period, and cautioned plaintiff that his failure to effectuate proper service by June 5, 2017, may result in dismissal of the action without prejudice as to any unserved defendant.

     On June 2, 2017, plaintiff filed the currently operative First Amended Complaint against the same defendants. On June 5, 2017, plaintiff filed a "Proof of Service" for each of the defendants which, in pertinent part, essentially represented that a process server had attempted service simply by delivering "summonses and the complaints" for all five defendants to an individual at the LADOT main office.

     On August 11, 2017, plaintiff filed a Request for Entry of Default Judgment ("Request") with a supporting declaration of plaintiff, seeking the entry of a default judgment against each of the defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. On September 12, 2017, this Court issued an Order ("September Order") denying the Request without prejudice because, as explained in detail therein, plaintiff failed to demonstrate that he had properly effectuated service of process on any of the defendants in the manner required by the Federal Rules of Civil Procedure. The September Order also *sua sponte* extended plaintiff's deadline to effect proper service of process upon each of the defendants and to file proofs of service so reflecting to October 13, 2017, and again cautioned plaintiff that his failure timely to effectuate proper service and to file proofs of service so demonstrating might result in dismissal of the action without prejudice as to any unserved defendant by reason of plaintiff's failure to prosecute, unless plaintiff could show good cause for further extending the time for service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1795 DMG(JC) | Date | November 22, 2017 |
|---|---|---|---|
| Title | Francois Tabi v. Officer McCullough, et al. | | |

Although the extended deadline for effectuating service has now expired, plaintiff has failed to file proper proofs of service or to otherwise demonstrate that any defendant has been properly served and no defendant has appeared in this action. Indeed, plaintiff has not communicated with the Court in this action at all since the issuance of the September Order.

IT IS THEREFORE ORDERED, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1, that within seven (7) days of the date of this Order, plaintiff shall show cause, if there be any, why proper service was not made on defendants by October 13, 2017 and why this case should not be dismissed without prejudice against the defendants for failure to effectuate service and for lack of prosecution. Failure timely to respond to this Order to Show Cause or to show cause, may result in the dismissal of this action without prejudice for failure to effectuate service and/or for lack of prosecution.

IT IS SO ORDERED.[1]

---

[1] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.