UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS TABI,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER MCCULLOUGH, et al.,<br><br>Defendants. | Case No. CV 17-1795 DMG (JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE DUE TO LACK OF PROPER SERVICE |

## I. BACKGROUND

On March 6, 2017, plaintiff paid the filing fee and filed a complaint against multiple employees of the Los Angeles Department of Transportation ("LADOT"): Officer McCullough, Officer Enriquez, J. Atkinson, T. Mayer, Kenneth Heinsuis, and four unnamed defendants (collectively "defendants"). On March 7, 2017, the assigned Magistrate Judge issued an Order Regarding Service of Process ("March Order") advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be accomplished on each defendant within 90 days after filing the complaint, *i.e.*, by June 5, 2017. The March Order directed plaintiff to file separate proof of service forms for each defendant served within the 90-day period, and cautioned plaintiff that his failure to effectuate proper service by June 5, 2017, might result in dismissal of the action without prejudice as to any unserved defendant. The

March Order also provided plaintiff with information about the Federal "Pro Se" Clinics that offer on-site information and guidance to individuals like plaintiff who are representing themselves in federal civil actions. This Court agrees with and adopts the March Order.

On June 2, 2017, plaintiff filed the currently operative First Amended Complaint against the same defendants. On June 5, 2017, plaintiff filed a "Proof of Service" for each of the named defendants which, in pertinent part, essentially represented that a process server had attempted service simply by delivering "summonses and the complaints" for all five named defendants to an individual at the LADOT main office.

On August 11, 2017, plaintiff filed a Request for Entry of Default Judgment ("Request"), seeking the entry of a default judgment against each of the named defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. On September 12, 2017, the Magistrate Judge issued an Order ("September Order") denying the Request without prejudice because, as explained in detail therein, plaintiff failed to demonstrate that he had properly effectuated service of process on any of the defendants in the manner required by the Federal Rules of Civil Procedure. The September Order also *sua sponte* extended to October 13, 2017, plaintiff's deadline to effect proper service of process upon the defendants and to file proofs of service so reflecting, and again cautioned plaintiff that his failure to effectuate proper and timely service and to file proofs of service so demonstrating might result in dismissal of the action without prejudice as to any unserved defendant by reason of plaintiff's failure to prosecute, unless plaintiff could show good cause for further extending the time for service. This Court agrees with and adopts the September Order and the findings therein.

As the extended service deadline expired without further action by, or communication from plaintiff, the Magistrate Judge, on November 22, 2017, issued an Order to Show Cause ("OSC") directing plaintiff, within seven days, to show

cause, if there be any, why proper service was not timely made on any of the defendants and why the case should not be dismissed without prejudice for failure to effectuate service and for lack of prosecution. The OSC cautioned plaintiff that the failure timely to respond to the OSC or to show cause, might result in the dismissal of the action without prejudice for failure to effectuate service and/or for lack of prosecution. This Court agrees with and adopts the OSC and the findings therein.

Plaintiff did not timely respond to the OSC. On December 4, 2017, however, plaintiff filed a tardy Response to the OSC ("Response") in which he essentially conceded that he had not effected proper service upon any of the defendants, made multiple unsworn and otherwise unsupported allegations as to why the defendants had not been properly and timely served, and sought ten additional weeks to effect service. More specifically, plaintiff alleged that service had not been timely made upon the defendants because (i) "the [LADOT] hides behind a phalanx of security goons whose specific purpose is to prevent Service of Process"; (ii) process servers contacted by plaintiff refused to effect service because the "[LADOT] was apparently notorious for its policies and procedures relating to Service of Process"; (iii) "[t]he process server [plaintiff] paid to effect service was apparently deceived and misdirected by the [LADOT]"; and (4) defendants did not return plaintiff's request for voluntary waiver of service. (Response at 2). Plaintiff offered no evidence to support these assertions.

**II. DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be accomplished on each defendant within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). A court may, *sua sponte*, dismiss a complaint due to lack of service after giving notice to the plaintiff and an opportunity for the plaintiff to show good cause for the failure to effect timely service. Id.; Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013) (citations

omitted). The Court's discretion under Rule 4(m) is "broad." <u>In re Sheehan</u>, 253 F.3d 507, 513 (9th Cir. 2001) (citation omitted).

To show good cause for a delay in effecting service, a plaintiff generally must show "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." <u>Chemehuevi Indian Tribe v. Wilson</u>, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (citation omitted). A plaintiff's mere *pro se* status does not excuse a complete failure to properly effect service. <u>See</u> <u>Systems Signs Supplies v. United States Department of Justice, Washington, D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>see also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), <u>overruled on other grounds</u>, <u>Lacey v. Maricopa County</u>, 693 F.3d 896 (9th Cir. 2012).

Here, plaintiff has not timely effected proper service on any defendant and, after his initial unsuccessful attempts to effect service, was already afforded a generous extension of time to do so. Plaintiff's unsupported and general allegations as to why he has still not effected service do not show good cause. Nor does he present any basis to conclude that the Court should exercise its discretion to afford him additional time – let alone ten additional weeks – to effect service. This action has been pending for more than nine months. Plaintiff has already been afforded a significant extension of the 90-day deadline and ample notice that his failure timely to effectuate service or to show good cause for failing to do so may result in dismissal of this action. Accordingly, dismissal of this action without prejudice is appropriate at this juncture.

///
///
///
///

**III. ORDERS**

IT IS THEREFORE ORDERED that this action is dismissed without prejudice.

IT IS SO ORDERED.

DATED: December 21, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE